LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

MEGAN COONEY, SBN 295174
  mcooney@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
  kmagallanes@gibsondunn.com
JESSICA M. PEARIGEN, SBN 317286
  jpearigen@gibsondunn.com
JORDAN E. JOHNSON, SBN 324051
  jjohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendant
AMAZON RETAIL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ERICK FIELDS, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON RETAIL LLC, a Delaware limited liability company and DOES 1 to 10, inclusive,<br><br>        Defendant. | CASE NO. 8:22-cv-377<br><br>**DEFENDANT AMAZON RETAIL LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Orange County Superior Court Case No. 30-2022-01244500-CU-OE-CXC)<br>Action Filed:    February 8, 2022<br>Trial Date:    None Set |

Gibson, Dunn &
Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

I. TIMELINESS OF REMOVAL ...................................................................... 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ............... 1

    A.    The Proposed Class Consists of More Than 100 Members ...................... 3

    B.    Amazon Retail and Plaintiff Are Not Citizens of the Same State ............ 4

    C.    The Amount in Controversy Exceeds $5 Million ...................................... 5

        1.    Plaintiff's Labor Code Section 226 Claim Independently Places More Than $3.1 Million in Controversy ............................ 7

        2.    Plaintiff's Allegations Regarding Waiting Time Penalties Place at Least an Additional $3.5 Million in Controversy ............. 9

        3.    Plaintiff's Request for Attorneys' Fees Alone Places More Than $1.6 Million in Controversy ................................................ 12

        4.    Just Two of Plaintiff's Nine Causes of Actions, Including Attorneys' Fees, Place More Than $8 Million in Controversy ..... 13

III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ................ 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

CASES

*Archuleta v. Avcorp Composite Fabrication, Inc.*,
  2018 WL 6382049 (C.D. Cal. Dec. 6, 2018) ................................................. 11

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) ........................................................... 6, 7, 12

*Ayala v. Cox Auto., Inc.*,
  2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ................................................. 4

*Barcia v. Contain-A-Way, Inc.*,
  2009 WL 587844 (S.D. Cal. Mar. 6, 2009) ................................................. 12

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ........................................................... 6

*Cisneros v. Airport Terminal Servs., Inc.*,
  Case No. 2:19-cv-02798-VAP-SP (C.D. Cal. Feb. 19, 2021) ................................ 12

*Crummie v. CertifiedSafety, Inc.*,
  2017 WL 4544747 (N.D. Cal. Oct. 11, 2017) ......................................... 10, 11

*Dart Cherokee Basin Op. Co., LLC v. Owens*,
  574 U.S. 81 (2014) ........................................................................... 5, 6, 7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................ 12

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) .............................................................................. 5

*Hopson v. Hanesbrands Inc.*,
  2008 WL 3385452 (N.D. Cal. Aug. 8, 2008) ............................................. 12

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ............................................................ 4, 5

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) .............................................................. 4

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................... 6

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ......................................................... 6

*LaCross v. Knight Transp. Inc.*,
  775 F.3d 1200 (9th Cir. 2015) ....................................................................... 6

*Lee v. Janney & Janney Attorney Servs., Inc.*,
  Case No. 19STCV01860 (L.A. Super. Nov. 5, 2020) ............................... 12

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010) ......................................................................... 6

*Louis v. Glob. Aviation Mgmt. Grp. Corp.*,
  Case No. 19STCV11672 (L.A. Super. Jan. 25, 2021) ............................... 12

*Lucas v. Michael Kors (USA), Inc.*,
  2018 WL 2146403 (C.D. Cal. May 9, 2018) ............................................. 12

*Mamika v. Barca*,
  68 Cal. App. 4th 487 (1998) ........................................................................ 10

*Marentes v. Key Energy Servs. Cal., Inc.*,
  2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ............................................. 10

*Mejia v. DHL Express (USA), Inc.*,
  2015 WL 2452755 (C.D. Cal. May 21, 2015) ............................................. 8

*Pineda v. Bank of Am., N.A.*,
  50 Cal. 4th 1389 (2010) ................................................................................. 9

*Rippee v. Bos. Mkt. Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ........................................................... 6

*Salter v. Quality Carriers, Inc.*,
  974 F.3d 959 (9th Cir. 2020) ..................................................................... 6, 7

*Soto v. Tech Packaging, Inc.*,
  2019 WL 6492245 (C.D. Cal. Dec. 3, 2019) ................................................ 8

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013) ....................................................................................... 6

Gibson, Dunn &
Crutcher LLP

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ........................................................................ 4

*Tajonar v. Echosphere, LLC*,
    2015 WL 4064642 (S.D. Cal. July 2, 2015) ............................................... 10

STATUTES

28 U.S.C. § 84(c) ............................................................................................ 14

28 U.S.C. § 1332 .............................................................................. 1, 2, 3, 4, 5

28 U.S.C. § 1441 ......................................................................................... 3, 14

28 U.S.C. § 1446 ......................................................................................... 1, 14

28 U.S.C. § 1453 ......................................................................................... 1, 14

28 U.S.C. § 1711 .............................................................................................. 1

Cal. Code Civ. Proc. § 338(a) ......................................................................... 9

Cal. Code Civ. Proc. § 340(a) ......................................................................... 8

Cal. Code Regs., tit. 8, § 13520 ...................................................................... 9

Cal. Lab. Code § 203 ....................................................................................... 9

Cal. Lab. Code § 226 ................................................................................... 7, 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF ERICK FIELDS, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Amazon Retail LLC hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 30-2022-01244500-CU-OE-CXC in Orange County Superior Court, State of California.  Removal is proper on the following grounds:

## I.  TIMELINESS OF REMOVAL

1.      Plaintiff Erick Fields ("Plaintiff") filed a putative Class Action Complaint against Amazon Retail LLC ("Amazon Retail" or "Defendant") in Orange County Superior Court, State of California, Case No. 30-2022-01244500-CU-OE-CXC, on February 8, 2022.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) One Legal Payment Receipt, (e) Proof of Service of Summons, and (f) Class Action/B&P 17200 Questionnaire are attached as Exhibits A–F to the Declaration of Lauren M. Blas ("Blas Decl.") filed concurrently here.

2.      According to the Proof of Service of Summons filed by Plaintiff with the Orange County Superior Court, Plaintiff personally served Amazon Retail through its registered agent for service of process on February 9, 2022.  *See* Blas Decl. ¶ 6, Ex. E. Consequently, service was completed on February 9, 2022.  This notice of removal is timely because it is filed within 30 days after service was completed.  28 U.S.C. § 1446(b).

## II.  SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject-matter jurisdiction over this action and all claims asserted against Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C.

§ 1332(d).

4.     CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure Section 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Blas Decl. Ex. B, Compl. ¶ 54 & Prayer for Relief.

5.     Plaintiff asks the Court for "[c]ertification of this class action."  Blas Decl. Ex. B, Compl., Prayer for Relief.  He seeks to represent "[a]ll persons who have been, or currently are, employed by [Amazon Retail] and who held, or hold, job positions which [Amazon Retail] has classified as 'non-exempt' employees in the State of California, at any time since four years prior to filing this action, through the date judgment is rendered in this action" ("Plaintiff Class").  *Id.*, Compl. ¶ 56.  Plaintiff also seeks to represent a "Terminated Sub Class" of "[a]ll members of the Plaintiff Class whose employment ended during the" four years prior to filing this action.  *Id.*, Compl. ¶ 57.

6.     In his Complaint, Plaintiff alleges nine causes of action against Amazon Retail: (1) Failure to Pay Overtime Wages in Violation of Labor Code Sections 510 and 1198; (2) Failure to Pay All Wages and Minimum Wages in Violation of Labor Code Sections 1182, 1194, 1197, and 1198; (3) Failure to Provide Compliant Meal and Rest Break Premiums; (4) Failure to Provide Suitable Facilities for Meal and Rest Breaks in Violation of Labor Code Section 226.7; (5) Failure to Timely Furnish Accurate Itemized Wage Statements in Violation of Labor Code Section 226(a); (6) Waiting Time Penalties Pursuant to Labor Code Sections 201 and 203; (7) Failure to Provide Suitable Seating in Violation of Labor Code Section 1198; (8) Failure to Reimburse Business Expenses in Violation of Labor Code Section 2802; and (9) Violations of Business & Professions Code Section 17200 *et seq*.

7.     Among other things, Plaintiff alleges that putative class members are

Gibson, Dunn &
Crutcher LLP

2

entitled to unpaid wages, statutory penalties for late payment of wages and inaccurate wage statements, interest, and attorneys' fees. *See* Blas Decl., Ex. B, Compl., Prayer for Relief.

8.      Removal of a class action under CAFA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9.      Amazon Retail denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class. Amazon Retail also intends to oppose class certification and believes that class treatment is inappropriate under these circumstances in part because there are many material differences between the experiences of Plaintiff and the putative class members he seeks to represent.   Amazon Retail expressly reserves all rights to oppose class certification and to contest the merits of all claims asserted in the Complaint.   However, for purposes of the jurisdictional requirements for removal *only*, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

**A.      The Proposed Class Consists of More Than 100 Members**

10.     Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11.     Plaintiff's proposed class consists of current or former non-exempt Amazon Retail employees.  Blas Decl., Ex. B, Compl. ¶ 56.  Plaintiff alleges that he worked for Amazon Retail at the Amazon Fresh grocery store located in Irvine, California. *Id.*, Compl. ¶ 12.  According to Amazon Retail's records, there were at least 3,256 full-time, non-exempt individuals employed by Amazon Retail at Amazon Fresh grocery stores in California between February 8, 2020 and February 8, 2022. Declaration of Sabrina Campbell ("Campbell Decl.") ¶ 5(a).  This putative class size

estimate is highly conservative because, among other things, it: (a) excludes all employees not classified as "full time," such as part-time and flex time employees, (b) excludes all non-exempt employees who have been hired by Amazon Retail since February 8, 2022, and (c) does not include any additional employees that may have worked for Amazon Retail in California between February 8, 2018 and February 8, 2022.

12.     Therefore, based on Plaintiff's definitions, the putative class contains at least 3,256 full-time, non-exempt employees who worked for Amazon Retail in California between February 8, 2019 and February 8, 2022. *Id.*

13.     Accordingly, while Amazon Retail denies that class treatment is permissible or appropriate, the proposed class consists of well over 100 members.

**B.     Amazon Retail and Plaintiff Are Not Citizens of the Same State**

14.     Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

15.     A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he "is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California." Blas Decl., Ex. B, Compl. ¶ 12. Plaintiff is therefore considered a citizen of California for purposes of removal under CAFA. *See Ayala*, 2016 WL 6561284, at *4.

16.     A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Amazon Retail LLC is a limited liability company organized under the laws of Delaware and has its principal place of business in Seattle, Washington. Declaration of Zane Brown ("Brown Decl.") ¶ 2.

Amazon Retail LLC's only member is Amazon Retail US Holdings LLC, whose only member is Walnut Sub Enterprises LLC, whose only member is Amazon.com Services LLC, whose only member is Amazon.com Sales, Inc., which is wholly owned by Amazon.com, Inc. *Id.* ¶ 3. Amazon Retail US Holdings LLC, Walnut Sub Enterprises LLC, and Amazon.com Services LLC are each organized under the laws of Delaware with their principal places of business located in Seattle, Washington. *Id.* ¶ 4. Amazon.com Sales, Inc. and Amazon.com, Inc. are incorporated in Delaware and each have their principal places of business in Seattle, Washington. *Id.* ¶ 5.

17. The Supreme Court has interpreted the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which "should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). These entities' headquarters, which are located in Washington, constitute their "nerve center[s]" under the test adopted in *Hertz* because their high-level officers oversee each corporation's activities from that state. *See* Brown Decl. ¶ 6. As such, Amazon Retail LLC is a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

18. Accordingly, Plaintiff and Amazon Retail are citizens of different states and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

## C. The Amount in Controversy Exceeds $5 Million

19. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

20. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a

1    defendant may rely on a "chain of reasoning" that is based on "reasonable"

2    "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

3    "An assumption may be reasonable if it is founded on the allegations of the complaint."

4    *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v.*

5    *Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a

6    removing defendant's notice of removal need not contain evidentiary submissions but

7    only plausible allegations of jurisdictional elements." (internal quotation marks and

8    citations omitted)).  That is because "[t]he amount in controversy is simply an estimate

9    of the total amount in dispute, not a prospective assessment of defendant's liability."

10   *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  "[W]hen a

11   defendant seeks federal-court adjudication, the defendant's amount-in-controversy

12   allegation should be accepted when not contested by the plaintiff or questioned by the

13   court." *Dart Cherokee*, 574 U.S. at 87.  Importantly, plaintiffs seeking to represent a

14   putative class cannot "bind the absent class" through statements aimed to limit their

15   recovery in an effort to "avoid removal to federal court." *Standard Fire Ins. Co. v.*

16   *Knowles*, 568 U.S. 588, 596 (2013).

17        21.    Moreover, in assessing whether the amount in controversy requirement has

18   been satisfied, "a court must 'assume that the allegations of the complaint are true and

19   assume that a jury will return a verdict for the plaintiff on all claims made in the

20   complaint.'"  *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012)

21   (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993,

22   1001 (C.D. Cal. 2002)).  In other words, the focus of the Court's inquiry must be on

23   "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant

24   will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D.

25   Cal. 2008) (citing *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

26        22.    Although Amazon Retail denies that Plaintiff's claims have any merit, for

27   the purposes of meeting the jurisdictional requirements for removal *only*, if Plaintiff

28   were to prevail on his Fifth and Sixth Causes of Action on behalf of the putative class,

the requested monetary recovery would exceed $5 million.

**1.    Plaintiff's Labor Code Section 226 Claim Independently Places More Than $3.1 Million in Controversy**

23.    Amazon Retail reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 964 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof" (internal quotation marks and citations omitted)).   "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924.  But for present purposes, it is sufficient to note that Plaintiff's claims pursuant to Labor Code Section 226 alone place more than $3.1 million in controversy.

24.    Plaintiff alleges in his Fifth Cause of Action that Amazon Retail "failed to furnish Plaintiff and [class] members . . . with timely, itemized statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual" in violation of Labor Code Section 226 and seeks penalties under that statute.  Blas Decl., Ex. B, Compl. ¶¶ 104, 108.

25.    Under Section 226(e)(1), an employee suffering injury as a result of an intentional failure to comply with Section 226(a) is entitled to "recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is

1    entitled to an award of costs and reasonable attorney's fees."   Cal. Lab. Code

2    § 226(e)(1).

3         26.   Amazon Retail denies that any such penalties are owed to Plaintiff or

4    putative class members.   However, for purposes of this jurisdictional analysis *only*,

5    Amazon Retail relies on Plaintiff's allegations that the penalties are owed.   Plaintiff

6    alleges that Amazon Retail failed to provide accurate wage statements as "a result of not

7    having kept accurate records" and "missing hours worked, and missed meal and rest-

8    break premiums."  Blas Decl., Ex. B, Compl. ¶¶ 105–06.  Based on those allegations, it

9    is reasonable to assume, for the purposes of this jurisdictional analysis *only*, that all class

10   members received inaccurate wage statements each pay period.  *See, e.g.*, *Mejia v. DHL*

11   *Express (USA), Inc.*, 2015 WL 2452755, at *5 (C.D. Cal. May 21, 2015) (concluding it

12   is appropriate to use a "100% violation rate" for wage statement claim where the claim

13   is derivative); *Soto v. Tech Packaging, Inc.*, 2019 WL 6492245, at *7 (C.D. Cal. Dec. 3,

14   2019).

15        27.   Amazon Retail's practice during the one-year period prior to the filing of

16   the Complaint[1] has been to issue paychecks to full-time employees on a weekly or

17   biweekly basis (every week or every other week).  As such, a pay period includes either

18   one or two weeks.  Campbell Decl. ¶ 4.

19        28.   During the one-year period prior to the filing of the Complaint, Amazon

20   Retail employed at least 2,285 full-time, non-exempt employees at its Amazon Fresh

21   grocery stores in California.  *Id.* ¶ 5(b).  These employees worked a total of at least

22   32,708 pay periods from February 8, 2021 to February 8, 2022.[2]  *Id.* ¶ 5(c).  Based on

23

24

25   ----

[1]  The statute of limitations for this claim is one year.  Cal. Code Civ. Proc. § 340(a).

26
[2]  To ensure Amazon's aggregate total number of pay periods does not result in an
27   overestimation of the maximum individual penalty available pursuant to Labor Code
     Section 226, to the extent this estimate includes individuals paid on a weekly basis,
28   it is limited to pay periods between February 8, 2021 to November 8, 2021, or a
     period of 39 weeks, such that the maximum penalty per individual could not exceed
     $3,850.

Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Fifth Cause of Action alone is approximately **$3,156,550**, calculated as follows:

| | |
|---|---|
| Penalty for initial pay period for each employee (2,285 initial pay periods x $50): | $114,250 |
| Penalty for each subsequent pay period for each employee (30,423 subsequent pay periods (32,708 - 2,285) x $100): | $3,042,300 |
| Amount in controversy for Section 226 claim, based on Plaintiff's allegations: | **$3,156,550** |

29.    The amount in controversy alleged by Plaintiff on this claim alone exceeds $3.1 million and does not even include any penalties allegedly owed to part-time or flex time employees, which would further increase the amount in controversy.

**2.    Plaintiff's Allegations Regarding Waiting Time Penalties Place at Least an Additional $3.5 Million in Controversy**

30.    Plaintiff alleges that he and other putative class members who ended their employment with Amazon Retail during the three-year period prior to filing this Complaint[3]—February 8, 2019 to February 8, 2022—are entitled to "waiting time penalties" pursuant to Labor Code Section 203.  *See* Blas Decl., Ex. B, Compl. ¶ 112.

31.    If an employer fails to pay all wages due an employee at the time of termination, as required by Labor Code Section 201, or within 72 hours after resignation, as required by Labor Code Section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days.  Cal. Lab. Code § 203.  An employer may not be liable for these penalties if a good faith dispute exists as to whether the wages are owed.  Further, to be liable for waiting time penalties, an employer's failure to pay wages within the statutory time frame must be *willful*.  "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer *intentionally* fails to

---

[3]  The statute of limitations for an action under Labor Code Section 203 is three years. Cal. Code Civ. Proc. § 338(a); Cal. Lab. Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010).

Gibson, Dunn &
Crutcher LLP

1  pay wages to an employee when those wages are due." Cal. Code Regs., tit. 8, § 13520

2  (emphasis added).

3        32.    To calculate waiting time penalties, the employee's daily rate of pay is

4  multiplied by a maximum of 30 days, depending on the length of delay in receipt of

5  wages. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that the waiting

6  time penalty is "equivalent to the employee's daily wages for each day he or she

7  remained unpaid up to a total of 30 days" and noting that the "critical computation" is

8  "the calculation of a daily wage rate, which can then be multiplied by the number of

9  days of nonpayment, up to 30 days"); *Tajonar v. Echosphere, LLC*, 2015 WL 4064642,

10 at *4 (S.D. Cal. July 2, 2015). Where final "wages [due] are alleged to have not been

11 paid, the full thirty-days may be used for each of the putative class members." *Marentes*

12 *v. Key Energy Servs. Cal., Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *see*

13 *also Crummie v. CertifiedSafety, Inc.*, 2017 WL 4544747, at *3 (N.D. Cal. Oct. 11, 2017)

14 (holding that where plaintiff alleges "putative class members were owed (and are still

15 owed)" wages, it is "completely reasonable to assume waiting time penalties accrued to

16 the thirty-day limit").

17       33.    Amazon Retail denies that any such penalties are owed to Plaintiff or any

18 putative class members. However, for purposes of this jurisdictional analysis *only*,

19 Amazon Retail relies on Plaintiff's allegations that the penalties are owed. Plaintiff

20 alleges that Amazon Retail "regularly failed to pay Plaintiff and [class]

21 members . . . their final wages" that were "earned and unpaid . . . including but not

22 limited to, overtime wages, minimum wages, and/or meal rest period premiums." Blas

23 Decl., Ex. B, Compl. ¶¶ 112, 115. Plaintiff's claim is therefore derivative of his other

24 unpaid wage, overtime, and meal and rest period claims, which Plaintiff alleges were a

25 result of "employment practices and policies" of Amazon Retail. *Id.*, Compl. ¶¶ 29, 48;

26 *see also id.*, Compl. ¶¶ 11, 23, 69, 73.

27       34.    According to Amazon Retail's records, of the 3,256 full-time, non-exempt

28 individuals employed by Amazon Retail at its Amazon Fresh grocery store locations in

California between February 8, 2020 and February 8, 2022, at least 2,540 of those employees resigned or were terminated between February 8, 2020 and February 8, 2022.[4]  Campbell Decl. ¶ 5(d).  The average hourly pay rate for those 2,540 employees was $15.48.  *Id.* ¶ 5(e).

35.     Based on Plaintiff's allegations, it is reasonable (and very conservative) to assume that at least 50% of these 2,540 full-time, non-exempt employees, or approximately 1,270 employees, are entitled to the 30 days' wages.  *See Crummie*, 2017 WL 4544747, at *3 (upholding assumption that "waiting time penalties accrued to the thirty-day limit" based on allegations of a pattern or practice of withholding wages owed);  *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *5 (C.D. Cal. Dec. 6, 2018) (finding that an assumption of the maximum thirty-day waiting time penalties was reasonable where "[t]he complaint's claim for waiting time penalties appears to be at least in part based on an allegation that Defendants *never* paid the 'overtime wages, minimum wages, and meal period violation [payments]' the employees were due").

36.     Accordingly, if at least 1,270 of the 2,540 individuals who left the employment of Amazon Retail during the three years preceding the filing of the Complaint were owed wages and did not receive them, the amount in controversy with respect to the waiting time penalties claim for full-time employees alone would be approximately **$3,538,220**, calculated as follows:

| | |
|---|---|
| $15.48 average hourly rate x 6 hours per day:[5] | $92.88 daily rate |
| $92.88 x 30 days maximum penalty: | $2,786 per employee |
| Amount in controversy for waiting time penalties for a fraction of the class, based on Plaintiff's allegations ($2,786 x 1,270 employees): | **$3,538,220** |

---

[4]  This is only a fraction of the putative class Plaintiff seeks to represent.  As noted above, it does not account for individuals employed at all Amazon Retail locations, and does not include part-time or flex time employees or non-exempt employees who have been hired by Amazon Retail since February 8, 2022.

[5]  Six hours is again a conservative estimate given that these 1,270 putative class members were full-time employees.  *See* Campbell Decl. ¶ 3.

1

2

> **3.      Plaintiff's Request for Attorneys' Fees Alone Places More Than $1.6 Million in Controversy**

3        37.      Plaintiff also explicitly seeks attorneys' fees should he recover for any of

4    the claims in this action.  *See* Blas Decl., Ex. B, Compl. ¶¶ 30, 49, 109, 143 & Prayer

5    for Relief.   Prospective attorneys' fees are properly included in the amount in

6    controversy for purposes of evaluating CAFA jurisdiction.  *See Arias*, 936 F.3d at 922

7    ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective

8    attorneys' fees must be included in the assessment of the amount in controversy.").

9    Under the Ninth Circuit's well-established precedent, 25% of the common fund is

10   generally used as a benchmark for an award of attorneys' fees.  *See Hanlon v. Chrysler

11   Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled on other grounds by Wal-Mart

12   Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Barcia v. Contain-A-Way, Inc.*, 2009 WL

13   587844, at *5 (S.D. Cal. Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent

14   is considered a benchmark for attorneys' fees in common fund cases.'") (quoting

15   *Hopson v. Hanesbrands Inc.*, 2008 WL 3385452, at *4 (N.D. Cal. Aug. 8, 2008)); *Lucas

16   v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2018)

17   (collecting cases applying a 25% benchmark in CAFA wage and hour cases).

18       38.      Here, Amazon Retail has established that the total amount in controversy

19   is *at least* **$6.6 million**, and Plaintiff has not indicated that he will seek less than 25% of

20   a common fund in attorneys' fees.  *See* Blas Decl., Ex. B, Compl. ¶¶ 30, 49, 109, 143

21   (seeking attorneys' fees).   Indeed, Plaintiff's counsel has sought (and received) more

22   than 25% in attorneys' fees in previous wage and hour cases.  *See, e.g.*, *Cisneros v.

23   Airport Terminal Servs., Inc.*, Case No. 2:19-cv-02798-VAP-SP (C.D. Cal. Feb. 19,

24   2021) (seeking 33.33% in attorneys' fees in a wage and hour class action); *Lee v. Janney

25   & Janney Attorney Servs., Inc.*, Case No. 19STCV01860 (L.A. Super. Nov. 5, 2020)

26   (order approving 33.33% in attorneys' fees in wage and hour action); *Louis v. Glob.

27   Aviation Mgmt. Grp. Corp.*, Case No. 19STCV11672 (L.A. Super. Jan. 25, 2021) (order

28   approving 33.33% in attorneys' fees in wage and hour action).  Amazon Retail denies

that any such attorneys' fees are owed to Plaintiff or putative class members. However, for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiff's allegations that the attorneys' fees are owed.

39.    Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations regarding waiting time penalties and alleged Labor Code Section 226 violations results in estimated attorneys' fees of more than **$1.6 million**, calculated as follows:

| Conservative Estimate of Amount in Controversy from Waiting Time and Section 226 Claims: | $6,694,770 |
|---|---|
| Attorneys' Fees Benchmark: | 25% |
| Attorneys' Fees: | **$1,673,692** |

**4.    Just Two of Plaintiff's Nine Causes of Actions, Including Attorneys' Fees, Place More Than $8 Million in Controversy**

40.    In summary, Plaintiff's allegations regarding failure to provide accurate itemized wage statements place more than $3.1 million in controversy, his allegations regarding waiting time penalties place more than $3.5 million in controversy, and attorneys' fees on these two claims alone would place an additional $1.6 million in controversy. This amount in controversy calculation underestimates the total amount placed in controversy by Plaintiff's complaint because it is based on conservative assumptions about Plaintiff's putative class allegations and does not account for, among other things, any recovery sought for failure to pay lawful wages, including minimum wages and overtime wages (First and Second Causes of Action), failure to provide compliant meal or rest breaks (Third Cause of Action), failure to provide suitable facilities for meal and rest breaks (Fourth Cause of Action), failure to provide suitable seating (Seventh Cause of Action), failure to indemnify employees for losses and expenditures (Eighth Cause of Action), or violation of the Business and Professions Code Section 17200 *et seq.* (Ninth Cause of Action).

Gibson, Dunn & Crutcher LLP

41. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

## III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

42. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    a) This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

    b) The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

    c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

    d) At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

43. The United States District Court for the Central District of California is the federal judicial district in which the Orange County Superior Court sits. This action was originally filed in the Orange County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

44. True and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) One Legal Payment Receipt, (e) Proof of Service of Summons, and (f) Class Action/B&P 17200 Questionnaire are attached as Exhibits A–F to the Declaration of Lauren M. Blas filed concurrently here. These filings constitute the complete record of all records and proceedings in the state court.

45. Upon filing the Notice of Removal, Amazon Retail will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Orange County Superior Court, pursuant to 28 U.S.C. § 1446(d).

1   Dated:  March 10, 2022

2

3                                  LAUREN M. BLAS
                                    MEGAN COONEY
                                    KATIE M. MAGALLANES
                                    JESSICA M. PEARIGEN
                                    JORDAN E. JOHNSON
                                    GIBSON, DUNN & CRUTCHER LLP

By:  _/s/ Lauren M. Blas_
                             Lauren M. Blas

Attorneys for Defendant
AMAZON RETAIL LLC