# EXHIBIT B

**BRADLEY/GROMBACHER, LLP**
Marcus Bradley, Esq. (SBN 174156)
Kiley Grombacher, Esq. (SBN 245960)
Lirit King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 618-2939
E-mail: mbradley@bradleygrombacher.com
E-mail: kgrombacher@bradleygrombacher.com
E-mail: lking@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:  (818) 609-0807
Facsimile:   (818) 609-0892
E-mail: sahagii@aol.com

Attorneys for Plaintiff ERICK FIELDS on behalf of
himself and others similarly situated

Assigned for all Purposes

Judge James J. Di Cesare

C-16

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ORANGE**

| | |
|---|---|
| ERICK FIELDS, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>          v.<br><br>AMAZON RETAIL LLC, a Delaware limited liability company and DOES 1 to 10, inclusive,<br><br>          Defendant. | CASE NO. 30-2022-01244500-CU-OE-CXC<br><br>**CLASS ACTION COMPLAINT:**<br><br>1.  Failure to Pay Overtime Wages in Violation of Labor Code sections 510 and 1198;<br><br>2.  Failure to pay all Wages and Minimum Wages in Violation of Labor Code sections 1182, 1194, 1197, 1198;<br><br>3.  Failure to Provide Compliant Meal and Rest Break Premiums;<br><br>4.  Failure to Provide Suitable Facilities for Meal and Rest Breaks in Violation of Labor Code section 226.7;<br><br>5.  Failure to Timely Furnish Accurate Itemized Wage Statements in Violation of |

EXHIBIT 1
COMPLAINT
PAGE 7

Labor Code section 226(a);

6.  Waiting Time Penalties Pursuant to Labor Code sections 201, 203;

7.  Failure to Provide Suitable Seating in Violation of Labor Code section 1198;

8.  Failure to Reimburse Business Expenses in violation of Labor Code section 2802;

9.  Violations of Business & Professions Code sections 17200 et seq.

**DEMAND FOR JURY TRIAL**

1    Plaintiff, ERICK FIELDS (hereinafter "Plaintiff") hereby submits his Complaint against

2    Defendant AMAZON RETAIL, LLC a Delaware limited liability company, and DOES 1 to 10

3    (hereinafter referred to as "Defendant") on behalf of himself and the class of all other similarly

4    situated current and former employees of Defendant as follows:

5    **<u>NATURE OF THE CASE</u>**

6    1.    This is a class action arising out of Defendant's failure to provide their non-exempt

7    employees with all wages, meal premiums, suitable facilities for meal and rest breaks, by failing to

8    provide suitable seating, by failing to reimburse business expenses, and by failing to comply with

9    the applicable Wage Order and/or the California Labor Code in regards to the payment of wages.

10   2.    Amazon Retail, LLC operates Amazon retail stores across the United States,

11   including California. Moreover, Amazon Retail operates Amazon Fresh stores, which are grocery

12   stores across California.

13   3.    At all relevant times, Defendant issued and maintained uniform, standardized

14   scheduling and timekeeping practices and procedures for all non-exempt, hourly paid employees in

15   California, including Plaintiff and others similarly situated, regardless of their location or position.

16   4.    Defendant has maintained practices across its locations which have failed and

17   continue to fail to pay Plaintiff and other non-exempt employees all wages. Specifically, Defendant

18   has a company-wide policy of subjecting Plaintiff and employees to off-the-clock temperature

19   checks prior to each shift. This has resulted in Defendant's failure to pay all wages and overtime

20   wages to Plaintiff and other non-exempt employees.

21   5.    Further, even when Defendant paid overtime, they have failed to pay employees at

22   the correct regular rate. Moreover, meal period premiums were not paid at the correct regular rate.

23   6.    Defendant also failed to provide Plaintiff and non-exempt employees with facilities

24   where employees could take their meal and rest breaks.

25   7.    In light of the foregoing, Defendant failed to provide Plaintiff and other non-exempt

26   employees with compliant wage statements, and failed to timely pay final wages upon termination

27   or separation from employment.

28   ///

**1**

COMPLAINT

1    8.    Further, Defendant failed to provide Plaintiff and other non-exempt employees

2    suitable seating, although the nature of the work could reasonably be accomplished from a seated

3    position.

4    9.    Defendant also failed to reimburse Plaintiff and other non-exempt employees for

5    business related expenses, including but not limited to cellphone usage and carrier charges.

6    Specifically, employees were required to use their personal cellphones to download and use the

7    mobile application "Amazon A to Z" to accomplish their job duties.

8    10.    Plaintiff brings Causes of Action One through Nine (the "class claims") as a class

9    action on behalf of himself and other similarly situated individuals who have worked for Defendant

10   in California, at any time from four-years prior to the filing of this complaint, through the resolution

11   of this action. Plaintiff, on his own behalf and on behalf of all Class Members, brings the class

12   claims pursuant to Labor Code sections 200-203, 226, 226.7, 510, 1174, 1194, 1194.2, 1197, 1198,

13   2802, the applicable wage order and under Business & Professions Code sections 17200-17208, for

14   unfair competition due to Defendant's unlawful, unfair and fraudulent business acts and practices.

15   11.    Plaintiff is informed and believes, and based thereon alleges, that Defendant has

16   engaged in, among other things a system of willful violations of the Labor Code and the applicable

17   IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny

18   employees the above stated rights and benefits.

19                                            **PARTIES**

20   12.    Plaintiff, Erick Fields is an individual over the age of eighteen (18) and is now,

21   and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State

22   of California. During the relevant time period, Plaintiff worked for Defendant in Irvine, California

23   from approximately April 2020 through approximately December 18, 2021. Most recently, Plaintiff

24   worked as an 'Outbound and Center Store' employee and earned approximately $15 per hour. His

25   job duties included but were not limited to: picking customers' orders, assisting customers in the

26   store; and answering customers' questions regarding the Dash cart.

27   13.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

28   Amazon Retail LLC is a Delaware limited liability company. Plaintiff is further informed and

---

**2**

COMPLAINT

1    believes that at all times relevant hereto, Defendant has transacted, and continues to transact,

2    business throughout the State of California.

3        14.    Amazon Retail LLC operates Amazon retail stores across the United States,

4    including California. Moreover, Amazon Retail operates Amazon Fresh stores, which are grocery

5    stores across California.

6        15.    Plaintiff is informed and believes, and based upon such information and belief

7    alleges, that Defendant is, now and/or at all times mentioned in this Complaint was in some manner

8    legally responsible for the events, happenings and circumstances alleged in this Complaint.

9        16.    Plaintiff is further informed and believes, and based upon such information and

10   belief alleges, that at all times herein mentioned, Defendant proximately caused Plaintiff, all others

11   similarly situated, and the general public to be subjected to the unlawful practices, wrongs,

12   complaints, injuries and/or damages alleged in this Complaint.

13       17.    Plaintiff is informed and believes and based thereon alleges that at all times herein

14   mentioned Defendant and DOES 1 through 10, are and were corporations, business entities,

15   individuals, and partnerships, licensed to do business and actually doing business in the State of

16   California.

17       18.    Plaintiff does not know the true names or capacities, whether individual, partner or

18   corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said

19   Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this

20   complaint when the true names and capacities are known. Plaintiff is informed and believes and

21   based thereon alleges that each of said fictitious Defendants were responsible in some way for the

22   matters alleged herein and proximately caused Plaintiff and members of the general public and

23   class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

24       19.    At all times herein mentioned, each of said Defendants participated in the doing of

25   the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the

26   Defendants, and each of them, were the agents, servants and employees of each of the other

27   Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

28   within the course and scope of said agency and employment.

**3**

COMPLAINT

EXHIBIT 3
PAGE 11

20.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

21.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

22.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

23.     The members of the classes (as defined below), including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

**JURISDICTION AND VENUE**

24.     The Court has jurisdiction over this class action pursuant to article 6, section 10 of the California Constitution and California Code of Civil Procedure section 410.10.

25.     Additionally, this Court has jurisdiction over Plaintiff's and the Class' claims for injunctive relief, including restitution of earned wages, arising from Defendant's unfair competition under Business & Professions Code sections 17203 and 17204. The Court also has jurisdiction over Plaintiff's and the Class' claims as pursuant to the applicable Labor Code provisions.

///

**4**

26.     The Court has jurisdiction over Defendant because they are authorized to do business in the State of California and are registered with the California Secretary of State. Defendant does sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the advertising, marketing and sale of goods and services, to render the exercise of jurisdiction over Defendant by the California court consistent with traditional notions of fair play and substantial justice.

27.     Venue is proper in Orange County because the acts which give rise to this litigation occurred in this county and because Defendant has employed class members in this county and transacts business in this county.

## FACTUAL ALLEGATIONS

28.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

29.     Defendant has engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

30.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Classes have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

***Defendant's Failure to Pay Overtime Wages***

31.     During the Class Period, upon information and belief, Defendant had, and continues to have, a company-wide policy of discouraging and impeding Plaintiff and other non-exempt employees from recording hours worked that were outside of their scheduled shifts in order to limit the amount of overtime employees could accrue. On information and belief, this policy of limiting overtime, led Plaintiff and other non-exempt employees to work off-the-clock before their scheduled shift times. For example, prior to almost every shift, Plaintiff and other non-exempt employees were required to have their temperatures checked.

///

**5**

32.     Because Plaintiff and other non-exempt employees worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.

33.     Therefore, Plaintiff and other non-exempt employees were not paid overtime wages for all of the overtime hours they actually worked.

***Defendant's Failure to Pay all Wages and Minimum Wages***

34.     As stated above, during the relevant time period, as a result of Defendant's policy of limiting the amount of overtime employees could accrue, Plaintiff and other non-exempt employees were forced to work off-the-clock as they had to undergo mandatory temperature checks prior to each shift.

35.     Thus, Defendant did not pay at least minimum wages for all hours worked by Plaintiff and other non-exempt employees. To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendant did not pay at least minimum wages for those hours worked off-the-clock, including off-the-clock temperature checks.

***Failure to Provide Meal and Rest Break Premiums***

36.     Defendant failed to provide compliant meal and rest break premiums as it failed to pay Plaintiff and non-exempt employees at the correct regular rate. Moreover, Defendant did not consider employees' shift differentials in calculating the regular rate of pay.

***Defendant's Failure to Provide Suitable Facilities for Meal and Rest Periods***

37.     Further, based on information and belief, Plaintiff alleges that during all relevant times, Defendant violated the applicable IWC wage order No. 7-2001 section 13(B) which states: "suitable resting facilities shall be provided in an area separate from the toilet rooms and shall be available to employees during work hours." Defendant required Plaintiff and other non-exempt employees to remain at all times at or near their workstation to eat meals and to take breaks.

***Defendant's Failure to Provide Compliant Wage Statements***

38.     During the relevant time period, Defendant has knowingly and intentionally provided Plaintiff and other non-exempt employees with uniform, incomplete, and inaccurate wage statements. For example, Defendant issued uniform wage statements to Plaintiff and other non-

**6**

COMPLAINT

1   exempt employees that fail to correctly list: gross wages earned; total hours worked; net wages

2   earned; and all applicable hourly rates in effect during the pay period, including rates of pay for

3   overtime wages and/or meal period premiums, and the corresponding number of hours worked at

4   each hourly rate.

5   39.   Because Defendant did not record the time Plaintiff and other non-exempt

6   employees spent working off-the-clock and failed to pay employees at the correct regular rate of

7   pay, Defendant did not list the correct amount of gross wages and net wages earned by Plaintiff and

8   other non-exempt employees in compliance with section 226(a)(1) and section 226(a)(5),

9   respectively.

10   40.   For the same reason, Defendant failed to accurately list the total number of hours

11   worked by Plaintiff and other non-exempt employees, and failed to list the applicable hourly rates

12   of pay in effect during the pay period and the corresponding accurate number of hours worked at

13   each hourly rate.

14   41.   Because Defendant failed to provide the correct net and gross wages earned,

15   applicable rates of pay, and number of total hours worked on wage statements, Plaintiff and other

16   non-exempt employees have been prevented from verifying, solely from information on the wage

17   statements themselves, that they were paid correctly and in full. Instead, Plaintiff and other non-

18   exempt employees have had to look to sources outside of the wage statements themselves and

19   reconstruct time records to determine whether in fact they were paid correctly and the extent of

20   underpayment, thereby causing them injury.

21   ***Defendant's Failure to Timely Pay Final Wage Upon Termination***

22   42.   Defendant willfully failed to pay Plaintiff and other non-exempt employees who are

23   no longer employed by Defendant the earned and unpaid wages set forth above, including but not

24   limited to, overtime wages, minimum wages, and/or meal rest period premiums, either at the time

25   of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.

26   ///

27   ///

28   ///

**7**

***Defendant's Failure to Provide Suitable Seating***

43.     Defendant's California stores' areas are generally similar in their layout and design and there was, and continues to be, space in the stores to allow for the presence and use of a seat or stool by Plaintiff and other non-exempt employees (with reasonable or no modification to these work areas) during the performance of their work duties. Defendant could provide Plaintiff and other non-exempt employees with a seat or stool in the stores, but instead denies them seating and forces employees to stand throughout the day. Plaintiff and other non-exempt employees spent a substantial portion of their day standing in the store, regardless of their actual job title or description. The nature of the work of an employee performing their job duties can reasonably be accomplished from a seated position. However, Defendant systematically, and on a company-wide basis, did not provide seats or stools in the stores, forcing Plaintiff and other non-exempt employees to stand throughout their work shifts.

44.     Defendant did not provide Plaintiff and other non-exempt employees with seats or stools in reasonable proximity to their work areas to allow them to use seats when it would not interfere with the performance of their duties for times when they were not engaged in active duties that require standing. In other words, to the extent Plaintiff and other non-exempt employees engaged in duties in which the nature of the work required standing, Defendant denied them the use of seats nearby during lulls in their work duties. Moreover, Defendant did not inform Plaintiff and other non-exempt employees of their rights to a seat or stool under California law.

***Defendant's Failure to Reimburse Business Expenses***

45.     During the relevant time period, Defendant had a company-wide policy of requiring Plaintiff and other non-exempt employees to use their personal cellphones to download and use the mobile application "Amazon A to Z" to carry out their job duties, but Defendant failed to reimburse them for these costs.

46.     Although Defendant required Plaintiff and other non-exempt employees to utilize the app to carry out their work-related duties, Defendant failed to reimburse them for these costs. Defendant could have provided Plaintiff and other non-exempt employees with a cellphone allowance or work phones. Instead, Defendant passed these operating costs off onto Plaintiff and

**8**
COMPLAINT

EXHIBIT 1
PAGE 16

1   other non-exempt employees.

2   ***Facts Regarding Willfulness***

3          47.     Plaintiff is informed and believes, and based thereon alleges, that Defendant is and

4   was advised by skilled lawyers, other professionals, employees with human resources background

5   and advisors with knowledge of the requirements of California wage and hour laws and that at all

6   relevant times, Defendant knew or should have known, that the Plaintiff Class members, including

7   Plaintiff, were entitled to receive one hour of pay at the employee's regular rate of compensation

8   for each day that a meal and/or rest period was not provided and were and are entitled to received

9   pay for all hours worked, accurate itemized wage statements, and final pay in a timely manner.

10  ***Unfair Business Practices***

11         48.     Defendant has further engaged in, and continues to engage in, unfair business

12  practices in California by practicing, employing and utilizing the unlawful employment practices

13  and policies outlined above.

14         49.     As a direct result of the wage and hour violations herein alleged, Plaintiff and

15  members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the

16  use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in

17  seeking to compel Defendant to perform their obligations under state law, all to Plaintiff's and the

18  Plaintiff Class members' respective damage in amounts according to proof at the time of trial.

19  ***Plaintiff's Exhaustion of Administrative Remedies***

20         50.     Plaintiff is currently complying with the procedures for bringing suit specified in

21  Labor Code section 2699.3.

22         51.     By letter dated February 8, 2022, required notice was provided to Labor and

23  Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the

24  California Labor Code alleged to have been violated, including the facts and theories to support the

25  alleged violations.

26         52.     This Complaint will be amended when more than sixty-five (65) days have passed

27  since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to

28  investigate the allegations herein.

**9**

## **CLASS ACTION ALLEGATIONS**

53.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54.     Pursuant to Code of Civil Procedure section 382, this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

55.     Plaintiff brings this suit as a class action on behalf of two classes of individuals defined as follows (collectively the "Classes"):

56.     *Plaintiff Class*: All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California, at any time since four years prior to filing this action, through the date judgment is rendered in this action.

57.     *Terminated Sub Class:* All members of the Plaintiff Class whose employment ended during the Class Period.

58.     *Numerosity:* Plaintiff is informed and believes, and on that basis alleges, that during the class period hundreds of class members have been employed by Defendant as non-exempt employees in the State of California. Because so many persons have been employed by Defendant in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

59.     *Common Questions of Law and/or Fact:* Common questions of law and fact, exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of Class Members' claims are as follows:

      a.   Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;

      b.   Whether Defendant failed to pay Plaintiff and Class Members for all hours worked;

      c.   Whether Defendant failed to pay Plaintiff and Class Members all overtime;

      d.   Whether Defendant had a standard policy of not providing compliant meal and rest

**10**

break premiums to Plaintiff and members of the Plaintiff Class;

e. Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of Labor Code section 226;

f. Whether Defendant unlawfully/or willingly failed to timely pay Plaintiff and the Terminated Sub Class upon termination;

g. Whether Defendant failed to provide Plaintiff and members of the Plaintiff Class with suitable seating;

h. Whether Defendant failed to provide Plaintiff and members of the Plaintiff Class with suitable meal and rest break facilities;

i. Whether Defendant failed to reimburse Plaintiff and members of the Plaintiff Class for business-related expenses;

j. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

k. Whether Defendant conduct as alleged herein violates the Unfair Business Practices Act of California (Bus. & Prof. Code, § 17200, et seq.)

60.     *Typicality:* The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Defendant's common course of conduct in failing to provide their non-exempt employees with meal and rest periods and all wages in compliance with the applicable wage order or premium compensation at the regular rate in lieu thereof, failing to provide them with compliant wage statements, failing to provide them suitable facilities for meal and rest breaks, suitable seating, and failing to reimburse business expenses has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class. Plaintiff and the proposed Class sustained the same or similar injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and

1  damages as were suffered by other members of the proposed class.

2      61.  *Adequacy of Representation:* Plaintiff is an adequate representative of the proposed

3  classes because he is a member of the class, and his interests do not conflict with the interests of

4  the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the

5  prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this

6  action vigorously for the benefit of the classes. The interests of the Class Members will fairly and

7  adequately be protected by Plaintiff and his attorneys.

8      62.  *Superiority of Class Action*: A class action is superior to other available methods for

9  the fair and efficient adjudication of this litigation since individual litigation of the claims of all

10  Class Members is impracticable. It would be unduly burdensome to the courts if these matters were

11  to proceed on an individual basis, because this would potentially result in hundreds of individuals,

12  repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or

13  contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable

14  allocation of recovery among those with equally meritorious claims. By contrast, the class action

15  device presents far fewer management difficulties, and provides the benefit of a single

16  adjudication, economics of scale, and comprehensive supervision by a single court.

17      63.  The various claims asserted in this action are additionally or alternatively certifiable

18  under the provisions of the California Code of Civil Procedure section 382 because:

19          a.  The prosecution of separate actions by hundreds of individual Class

20              Members would create a risk or varying adjudications with respect to individual

21              class members, thus establishing incompatible standards of conduct for Defendant,

22              and

23          b.  The prosecution of separate actions by individual Class Members would also

24              create the risk of adjudications with respect to them that, as a practical matter,

25              would be dispositive of the interest of the other Class Members who are not a party

26              to such adjudications and would substantially impair or impede the ability of such

27              non-party class members to protect their interests.

28  ///

**12**
EXHIBIT 1
COMPLAINT
PAGE 20

## FIRST CAUSE OF ACTION

### Unpaid Overtime

### (By Plaintiff and Members of the Putative Class Against Defendant)

64.   Plaintiff incorporates herein by reference the allegations set forth above.

65.   At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendant was required to compensate their hourly employees for all overtime hours worked.

66.   Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission ("IWC") wage order require employers to pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek at the rate of time-and-one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek. The applicable IWC wage order further provides that employers are required to pay employees working more than twelve (12) hours in a day overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

67.   Defendant willfully failed to pay all overtime wages owed to Plaintiff and members of the Classes. During the Class Period, Plaintiff and members of the Classes were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours that they worked were not recorded. This includes the time spent off-the-clock prior to clocking in for mandatory temperature checks.

68.   Moreover, Defendant failed to consider the shift differential when calculating the regular rate of pay. By way of example, Plaintiff earned a $4 shift differential which was not included in his regular rate of pay.

69.   Defendant knew or should have known that as a result of company-wide practices and/or policies, that prevents Plaintiff and members of the Classes from earning overtime, Plaintiff and members of the Classes were performing assigned duties off-the-clock before their shifts and

**13**

COMPLAINT

EXHIBIT 3
PAGE 21

1   were suffered or permitted to perform work for which they were not paid. Because Plaintiff and

2   members of the Classes worked shifts of eight (8) hours a day or more or forty (40) hours a week

3   or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff

4   and members of the Classes were not paid overtime wages for all of the overtime hours they

5   actually worked.

6        70.     Defendant's failure to pay Plaintiff and members of the Classes the balance of

7   overtime compensation, as required by California law, violates the provisions of Labor Code

8   sections 510 and 1198. Plaintiff and members of the Classes are entitled to recover civil penalties,

9   attorney's fees, costs, and interest thereon.

10   **SECOND CAUSE OF ACTION**

11   **Failure to Pay All Wages**

12   **(By Plaintiff and Members of the Putative Class Against Defendant)**

13        71.     Plaintiff incorporates herein by reference the allegations set forth above.

14        72.     At all times relevant herein, which comprise the time period not less than four (4)

15   years preceding the filing of this action, Defendant was required to compensate their hourly

16   employees for all hours worked.

17        73.     For at least the four (4) years preceding the filing of this action, Defendant failed to

18   compensate employees for all hours worked. Defendant implemented policies that actively

19   prevented employees from being compensated for all time worked by subjecting Plaintiff and

20   members of the Classes to work off-the-clock as mentioned above.

21        74.     Under the above-mentioned wage order and state regulations, Plaintiff and the

22   Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four

23   (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of

24   suit in accordance with Labor Code section 218.5, and penalties pursuant to Labor Code sections

25   203 and 206.

26        75.     The applicable IWC wage order defines "hours worked" to mean "the time during

27   which an employee is subject to the control of an employer and includes all the time the employee

28   is suffered or permitted to work, whether or not required to do so."

**14**

76.     Defendant suffered or permitted Plaintiff and members of the Plaintiff Class to work portions of the day for which Defendant failed to compensate them. This includes time spent under Defendant's control prior to clocking in for mandatory temperature checks.

77.     Labor Code section 1194(a) provides in relevant part: "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage … is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage … including interest thereon, reasonable attorney's fees, and costs of suit."

78.     Labor Code section 1194.2(a) provides in relevant part: "[i]n any action under section 1193.6 or section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

79.     Labor Code section 1197 provides: "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

80.     Plaintiff is informed and believes, and therefore alleges, that Defendant's compensation schemes do not fairly compensate Plaintiff and other Class Members for all hours spent performing their job duties.

81.     For example, prior to almost every shift, Plaintiff was required to arrive early and spend time undergoing mandatory temperature checks.

82.     The failure to pay at least minimum wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code sections 1182.11-1182.12, 1194, 1194.2, and 1197; the applicable IWC wage order No. 7-2001 section 4; and Business & Professions Code.

83.     The failure to pay designated wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code sections 221 and 223; IWC Wage Order No. 7-2001; and Business & Professions Code.

84.     During the applicable time period, Defendant has and continues to have a pattern and practice of not providing its employees all wages, by failing to include all compensable time,

1  including time worked off-the-clock.

2  85.    As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff

3  Class have been damaged in an amount according to proof at time of trial.

4  **THIRD CAUSE OF ACTION**

5  **Failure to Provide Compliant Meal and Rest Break Premiums**

6  **(By Plaintiff and Members of the Putative Class Against Defendant)**

7  86.    Plaintiff hereby incorporates by reference each and every one of the allegations

8  contained in the preceding paragraphs as if the same were fully set forth herein.

9  87.    Plaintiff and Class Members seek damages pursuant to Labor Code sections

10  226.7(b) and IWC wage order No. 7-2001 sections 11(D) and 12(D), in the amount of one

11  additional hour of pay at the regular rate for each work day that the meal/rest period is/was not

12  provided to Plaintiff and any member of the Classes, the cumulative sum of which is to be

13  determined at trial.

14  88.    Defendant has failed to pay Plaintiff and the members of the Plaintiff Class one (1)

15  hour of pay at the regular rate for each off-duty meal period that they have been denied.

16  89.    On July 15, 2021, the California Supreme Court issued a decision in *Ferra v. Loews*

17  *Hollywood Hotel, LLC* (2021) 11 Cal.5th 858 where the court unanimously held that employers

18  must pay premium payments to employees for missed meal, rest, and recovery breaks at the

19  employee's "regular rate of pay" instead of their base hourly rate. The regular rate of pay may be

20  higher than the base hourly rate because the regular rate of pay must include all nondiscretionary

21  incentive payments, including nondiscretionary bonuses.

22  90.    However, here, Defendant failed to incorporate earned shift differentials into the

23  regular rate of pay. By way of example, Plaintiff earned a $4 shift differential which was not

24  included in calculating his regular rate of pay.

25  91.    Because of this practice and/or policy, Plaintiff and members of the Classes have

26  not received all premium pay for missed, interrupted, or late meal and rest periods. Accordingly,

27  Defendant failed to comply with the applicable IWC wage order and Labor Code section 226.7.

28  ///

**16**

92.     Plaintiff and members of the Classes are entitled to civil penalties, attorney's fees, costs, and interest thereon.

### FOURTH CAUSE OF ACTION

### Failure to Provide Suitable Facilities for Meal and Rest Breaks

### (By Plaintiff and Members of the Putative Class Against Defendant)

93.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

94.     Labor Code section 226.7(c) provides:

> "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

95.     The applicable IWC wage order No. 7-2001 sections 11 (D) and (E) provide:

> "(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.
>
> (E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated."

96.     The applicable IWC wage order section 13(B) provides:

> "Suitable resting facilities shall be provided in an area separate from the toilet rooms and shall be available to employees during work hours."

97.     Because Plaintiff and members of the Classes did not have a facility in which they could take their meal and rest periods, Defendant violated the Labor Code and the wage order by

1  failing to provide a suitable area in which Plaintiff and members of the Classes could eat on
2  premises or take breaks in designated areas.

3      98.    Defendant is therefore liable for one hour of pay as compensation in lieu of a
4  complaint break for each day that a non-compliant meal or rest period was taken outside of a
5  suitable on-premises area designated for the purpose of eating meals.

6      99.    Plaintiff will seek sums to account for the unpaid premiums owed to him and the
7  members of the Classes in an amount according to proof at the time of trial.

8                              **FIFTH CAUSE OF ACTION**

9               **Failure to Furnish Accurate Itemized Wage Statements**

10        **(By Plaintiff and Members of the Putative Class Against Defendant)**

11     100.    Plaintiff hereby incorporates by reference each and every one of the allegations
12  contained in the preceding paragraphs as if the same were fully set forth herein.

13     101.    Labor Code section 226(a) and IWC wage order No. 7-2001 section 7(B) requires
14  employers to furnish each employee with a statement itemizing, among other things, the total hours
15  worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

16     102.    Labor Code section 226(e) provides that if an employer fails to comply with
17  providing an employee with properly itemized wage statements as set forth in 226(a), then the
18  employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in
19  which a violation occurs and $100 per employee for each violation in a subsequent pay period, not
20  to exceed $4,000. Further, Labor Code section 226.3 provides that any employer who violates
21  section 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation
22  in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which
23  the employer fails to provide the employee a wage statement or fails to keep the required records
24  pursuant to section 226(a).

25     103.    Defendant knowingly and intentionally failed to furnish Plaintiff and the members
26  of the Classes with timely, itemized statements in compliance with Labor Code section 226(a) and
27  IWC wage order No. 7-2001 section 7(B).

28     104.    Plaintiff is informed and believes, and thereon alleges, that Defendant knowingly

**18**
COMPLAINT

EXHIBIT 1
PAGE 26

1   and intentionally failed to furnish Plaintiff and members of the Classes with timely, itemized

2   statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all

3   applicable hourly rates in effect during each respective pay period and the corresponding number

4   of hours worked at each hourly rate by each respective individual.

5        105.   Plaintiff is informed and believes, and thereon alleges, that Defendant did not

6   maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiff

7   and the members of the Classes as required under Labor Code section 1174.5. This is a result of

8   missing hours worked, and missed meal and rest-break premiums.

9        106.   As a result of not having kept accurate records, Plaintiff and the Class Members

10  suffered injuries in the form of confusion over whether they received all wages owed to them, and

11  difficulty and expense in reconstructing pay records in addition to other injuries which may come

12  to light during the discovery process.

13       107.   Labor Code section 1198 provides that the maximum hours of work and the

14  standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the

15  applicable IWC wage order. Section 1198 further provides that "[t]he employment of any

16  employees for longer hours than those fixed by the order or under conditions of labor prohibited by

17  the order is unlawful." Pursuant to the applicable IWC wage order, employers are required to keep

18  accurate time records showing when the employee begins and ends each work period and meal

19  period.

20       108.   Plaintiff and the members of the Classes herein seek damages and penalties pursuant

21  to Labor Code section 226(e) for Defendant's violations of Labor Code section 226(a).

22       109.   Plaintiff and Class Members also seek preliminary and permanent injunctive relief

23  and an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h).

24  Plaintiff and the members of the Classes also request relief as described below.

25  ///

26  ///

27  ///

28  ///

**19**
COMPLAINT

EXHIBIT 1
PAGE 27

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties

**(By Plaintiff and Members of the Terminated Sub Class Against Defendant)**

110.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

111.    At all times, relevant herein, Defendant was required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to Labor Code sections 201-203.

112.    As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to Labor Code sections 201-203, and accordingly owe waiting time penalties pursuant to Labor Code section 203.

113.    Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

114.    On information and belief, Defendant has a company-wide practice or policy of paying departing employees their final wages late, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.

115.    Specifically, Defendant willfully failed to pay Plaintiff and members of the Terminated Sub Class the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and/or meal rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant employ.

116.    Plaintiff and members of the Terminated Sub Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code section 256.

///

///

EXHIBIT 1
PAGE 28

1

**SEVENTH CAUSE OF ACTION**

2

**Failure to Provide Suitable Seating**

3

**(By Plaintiff and Members of the Putative Class Against Defendant)**

4     117.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

5   forth herein.

6     118.    California Labor Code section 1198 makes it illegal to employ an employee under

7   conditions of labor that are prohibited by the applicable wage order. Labor Code section 1198

8   requires that "the standard conditions of labor fixed by the commission shall be the . . . standard

9   conditions of labor for employees. The employment of any employee . . . under conditions of labor

10  prohibited by the order is unlawful." California Code of Regulations, title 8, section 11070(14)(A)

11  provides that "[a]ll working employees shall be provided with suitable seats when the nature of the

12  work reasonably permits the use of seats."

13    119.    "The 'nature of the work' refers to an employee's tasks performed at a given

14  location for which a right to a suitable seat is claimed, rather than a 'holistic' consideration of the

15  entire range of an employee's duties anywhere on the jobsite during a complete shift. If the tasks

16  being performed at a given location reasonably permit sitting, and provision of a seat would not

17  interfere with performance of any other tasks that may require standing, a seat is called for." *Kilby*

18  *v. CVS Pharmacy, Inc*. (2016) 368 P.3d 554, 558. "Whether the nature of the work reasonably

19  permits sitting is a question to be determined objectively based on the totality of the circumstances.

20  An employer's business judgment and the physical layout of the workplace are relevant but not

21  dispositive factors. The inquiry focuses on the nature of the work, not an individual employee's

22  characteristics." *Ibid.* The burden of proof to show suitable seating is not available is on the

23  employer. *Id.* at 568. In other words, the employer must show that compliance is "infeasible

24  because no suitable seating exists." See *ibid.*

25    120.    Defendant violated Labor Code section 1198 and California Code of Regulations,

26  title 8, section 11070(14)(A) because Plaintiff and members of the Classes were not allowed to sit,

27  even when it would not have interfered with the performance of their duties, nor were they

28  provided with suitable seats. Defendant's management did not inform Plaintiff and members of the

**21**

COMPLAINT

EXHIBIT 3
PAGE 29

1  Classes that they were allowed to sit down, provide any means for them to sit down, or mention

2  any policy regarding sitting.

3      121.   As a result of Defendant's company-wide policy and/or practice of prohibiting

4  employees from sitting during their shifts and company-wide failure to provide suitable seating,

5  Plaintiff and members of the Classes were forced to stand during shifts and denied seats.

6  Defendant's failure to provide suitable seating to Plaintiff and members of the Classes violates

7  California Labor Code section 1198 and IWC wage order No. 7-2001, subdivision 14(A).

8      122.   Labor Code section 1198 makes it illegal to employ an employee under conditions

9  of labor that are prohibited by the applicable wage order. Labor Code section 1198 requires that

10  "the standard conditions of labor fixed by the commission shall be the . . . standard conditions of

11  labor for employees. The employment of any employee . . . under conditions of labor prohibited by

12  the order is unlawful." California Code of Regulations, title 8, section 11070(14)(B) provides that

13  "[w]hen employees are not engaged in the active duties of their employment and the nature of the

14  work requires standing, an adequate number of suitable seats shall be placed in reasonable

15  proximity to the work area and employees shall be permitted to use such seats when it does not

16  interfere with the performance of their duties."

17      123.   The IWC states that section 14(B) applies during "lulls in operation" when an

18  employee, while still on the job, is not then actively engaged in any duties. *Kilby* citing IWC, 1976

19  Wage Orders, Summary of Basic Provisions, Seats. When taken together, an employee is entitled to

20  a seat under section 14(A) if his or her actual tasks at a discrete location make seated work feasible,

21  while working there. *Ibid.* However, if other job duties take the employee to a different location

22  where he or she must perform tasks requiring standing, the employee would be entitled to a seat

23  under section 14(B) during "lulls in operation." *Ibid.*

24      124.   Defendant did not provide Plaintiff and members of the Classes with seats or stools

25  in reasonable proximity to their work areas to allow them to use seats when it would not interfere

26  with the performance of their duties for times when they were not engaged in active duties that

27  require standing.

28  ///

125.     As a result of Defendant's company-wide policy and/or practice of prohibiting employees from sitting at any time, even when they were not engaged in active duties requiring standing, and company-wide failure to provide seats in reasonable proximity to their work areas, Plaintiff and members of the Classes were forced to stand during shifts and denied seats. Defendant's failure to provide suitable seating to Plaintiff and members of the Classes violates Labor Code section 1198 and IWC Wage Order No. 7-2001, subdivision 14(B).

126.     Plaintiff and members of the Classes are therefore entitled to recover civil penalties, attorney's fees, costs, and interest thereon, and seek injunctive relief to bring Defendant into compliance with California's seating requirements, pursuant to Labor Code section 1194.5.

### EIGHTH CAUSE OF ACTION

### Failure to Reimburse Business Expenses

**(By Plaintiff and Members of the Putative Class Against Defendant)**

127.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

128.     Labor Code section 2802 requires employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal. App. 4th 1137, 1144.

129.      The applicable wage order, IWC wage order No. 7-2001 section 9(B), provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

130.     During the Class Period Defendant had a company-wide policy requiring Plaintiff and members of the Classes to use their personal cell phones and cell phone plans to complete work-related duties. Specifically, Plaintiff and members of the Classes were required to download

**23**

1    and use the mobile application "Amazon A to Z" to complete their job duties.

2    131.    Although Defendant required Plaintiff and members of the Classes to utilize their

3    personal cell phones and cell phone plans to carry out their work-related duties, Defendant failed to

4    reimburse them for these costs. Defendant could have provided Plaintiff and members of the

5    Classes with a cellphone allowance or provided work phones. Instead, Defendant passed these

6    operating costs off onto Plaintiff and members of the Classes.

7    132.    Thus, Defendant had, and continues to have, a company-wide policy and/or practice

8    of not reimbursing employees for expenses necessarily incurred in violation of Labor Code section

9    2802.

10    133.    Plaintiff and members of the Classes are entitled to recover civil penalties,

11    attorney's fees, costs, and interest thereon.

12    **NINTH CAUSE OF ACTION**

13    **Violation of Business and Professions Code Section 17200 et seq.**

14    **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

15    134.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

16    forth herein.

17    135.    Business and Professions Code section17200 defines unfair competition to include,

18    "unlawful, unfair or fraudulent business practices."

19    136.    Plaintiff and all proposed Class Members are "persons within the meaning of

20    Business and Professions Code section17204, who have suffered injury in fact and have lost money

21    or property as a result of Defendant's unfair competition.

22    137.    Defendant has been committing, and continues to commit, acts of unfair

23    competition by engaging in the unlawful, unfair and fraudulent business practices and acts

24    described in this Complaint, including, but not limited to:

25        a)   violations of Labor Code sections 510, 1198;

26        b)   violations of Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198;

27        c)   violations of Labor Code sections 226.7, and 1198;

28        d)   violations of Labor Code section 226, 1174;

24
COMPLAINT

1     e)  violations of Labor Code sections 201 and 202;

2     f)  violations of Labor Code section 1198;

3     g)  violations of Labor Code section 2802; and

4     h)  violations of the applicable Wage Order.

5     138.   As a result of its unlawful, unfair, and/or fraudulent business acts and practices, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members. Defendant's unlawful, unfair, and/or fraudulent conduct has also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

139.   The Business and Professions Code section17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or fraudulent business acts or practices.

140.   Plaintiff seeks a court order enjoining Defendant from the unlawful, unfair, and/or fraudulent activity alleged herein.

141.   Pursuant to Civil Code section 3287(a), Plaintiff and other members of the Plaintiff Class are entitled to recover pre-judgment interest on wages earned, but not paid.

142.   Plaintiff further seeks an order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to himself and members of the proposed Plaintiff Class, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

143.   Plaintiff seeks restitution for himself and all others similarly situated of these amounts, including all earned and unpaid wages and attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

///

///

///

///

**25**

1

## **PRAYER FOR RELIEF**

2

WHEREFORE, Plaintiff, and the Class Members pray for judgment as follows:

3

1.  For an order certifying the proposed Plaintiff and Terminated Sub-Class;

4

2.  For an order that counsel for Plaintiff be appointed class counsel

5

3.  Certification of this class action on behalf of the proposed Plaintiff and Terminated

6

Sub-Class;

7

4.  Designation of Plaintiff as the class representative of the Plaintiff and Terminated

8

Sub Class;

9

5.  For restitution of all monies due to Plaintiff and the members of the Plaintiff Class

10

and disgorgement of all profits from the unlawful business practices of Defendant

11

6.   An order appointing Plaintiff's counsel as class counsel;

12

7.  Prejudgment and post judgment interest on all sums awarded;

13

8.  For compensatory damages;

14

9.  For penalties pursuant to Labor Code sections 200, 226, 226.7;

15

10. For interest accrued to date;

16

11. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226

17

and 1194;

18

12. For reasonable attorneys' fees pursuant to Labor Code sections 226 and Code of

19

Civil Procedure section 1021.5, and/or other applicable law; and

20

13. A declaratory judgment that Defendant has knowingly and intentionally violated the

21

following provisions of law;

22

a.      Labor Code sections 510, 1198 for failing to pay overtime;

23

b.      Labor Code sections 1182.11-1182.12, 1194, 1194.2, 1197, 1198 for

24

failing to pay all wages;

25

c.      Labor Code sections 226.7, for failing to provide compliant meal and

26

rest break premiums;

27

d.      Labor Code section 226.7 for failing to provide suitable facilities for

28

meal and res breaks;

**26**

COMPLAINT

EXHIBIT 3
PAGE 34

| | | |
|---|---|---|
| 1 | e. | Labor Code section 226, 1174 for failing to provide compliant wage |
| 2 | | statements; |
| 3 | f. | Labor Code sections 201 and 202 for failing to pay wages at |
| 4 | | termination; |
| 5 | g. | Labor Code section 1198 for failing to provide suitable seating; |
| 6 | h. | Labor Code section 2802 for failing to reimburse business expenses; |
| 7 | i. | Business & Professions Code sections 17200-08 by violating the |
| 8 | | provisions set forth herein above. |

14. For all such other and further relief that the Court may deem just and proper.

DATED: February 8, 2022

BRADLEY/GROMBACHER, LLP
LAW OFFICES OF SAHAG MAJARIAN II

By: _____
　　　Marcus Bradley, Esq.
　　　Kiley Grombacher, Esq.
　　　Lirit King, Esq.
　　　Sahag Majarian II, Esq.

Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of Plaintiff's and the members of the Classes' claims by jury to the extent authorized by law.

DATED: February 8, 2022

BRADLEY/GROMBACHER, LLP
LAW OFFICES OF SAHAG MAJARIAN II

By: _____
　　　Marcus Bradley, Esq.
　　　Kiley Grombacher, Esq.
　　　Lirit King, Esq.
　　　Sahag Majarian II, Esq.

Attorneys for Plaintiff

**27**

COMPLAINT